99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Olusegun ALAGA, Defendant-Appellant,
Lekan YUSUF and Akintunde Oke, Defendants.
 No. 95-1284.
 United States Court of Appeals, Second Circuit.
 Dec. 8, 1995.
 
 1
 APPEARING FOR APPELLANT: OLUSEGUN ALAGA, pro se.
 
 
 2
 APPEARING FOR APPELLEE: ZACHARY W. CARTER, United States Attorney, Eastern District of New York.
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby affirmed.
 
 
 7
 Olusegun Alaga appeals from an order of the United States District Court for the Eastern District of New York (Wexler, J.), entered April 17, 1995, denying his motion for the production of documents to be used to prepare an anticipated petition under section 2255. We affirm the order of the district court.
 
 
 8
 On September 17, 1992, Alaga was sentenced to 135 months imprisonment, three years supervised release, and a $50 special assessment, following his conviction for conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. Alaga's conviction and sentence were affirmed by this Court. United States v. Alaga, 995 F.2d 380 (2d Cir.1993).
 
 
 9
 On March 16, 1994, Alaga by letter asked the district court to compel his former attorneys to produce transcripts of Alaga's conversations with a co-defendant, which Alaga claimed were exculpatory. Alaga stated that he needed the transcripts to bring a section 2255 petition claiming ineffective assistance of counsel.
 
 
 10
 On March 23, 1994, the district court sent Alaga a letter stating that his staff had contacted Alaga's trial attorney, who claimed he had sent Alaga the transcripts and other documents.
 
 
 11
 On March 28, 1994, Alaga's trial attorney sent Alaga a letter advising that he had turned over all materials from Alaga's case to his new counsel, Steve Zissou. On June 15, 1994, Zissou sent Alaga a letter enclosing the tape recordings, stating that he had reviewed the rest of the file and found "nothing else of value that [Alaga] [did] not already have." On July 10, 1994, Alaga sent Zissou a letter stating that the correctional facility had returned the tapes to Zissou, "because the institution does not allow tape recordings in." Alaga further stated that he had requested not only the tape transcripts, but the entire case file, including all documents, court orders, "or other subject matter that may cross reference all materials pertaining to me."
 
 
 12
 On July 11, 1994, Alaga wrote to the district court, requesting "all documents relating to my case." On July 20, 1994, Zissou wrote to the court, explaining that Alaga had requested all of the documents generated in his case, and that Zissou had explained that this was unnecessary and would prove costly, at Alaga's expense. Zissou requested guidance on whether he was obligated to comply with Alaga's demands. Zissou sent a copy of this letter to Alaga.
 
 
 13
 On August 2, 1994, Alaga wrote again to Zissou, acknowledging receipt of one set of translated transcripts and alleging that they were different from the original transcripts supplied by the government at trial. On August 8, 1994, Zissou sent Alaga a letter stating that he was not in possession of the original translated copy of the audio tapes, trial stipulations, and minutes of a co-defendant's hearing. Zissou explained how these items could be obtained.
 
 
 14
 On October 27, 1994, Alaga again wrote to the district court, stating that he still had not received the original translated transcripts from the Government's original discovery. On November 18, 1994, the court issued an order denying his request that his former attorneys turn over all relevant records to him. The district court stated that, because counsel had advised the court that they had already turned over all relevant records to which Alaga was entitled, it would not conduct a hearing into the matter unless Alaga advised the court, "with particularity, what additional records he requires."
 
 
 15
 On November 30, 1994, Alaga moved for production of original transcripts of audiocassette tapes, some of which had been used at his trial. On April 17, 1995, the district court summarily denied Alaga's request and his petition for a hearing on document production.
 
 
 16
 On appeal, Alaga claims that (1) he is entitled to records pertaining to his case; and (2) the district court abused its discretion in denying his request for production and for not stating the reasons for denial.
 
 
 17
 At bottom, Alaga's motion appears to be a motion for discovery of documents for purposes of an anticipated section 2255 petition. Rule 6(a) of the Rules Governing Proceedings in the United States District Courts Under 28 U.S.C. § 2255 permits a "party" to invoke discovery processes, but Alaga has not yet filed a section 2255 petition and become a party.
 
 
 18
 Alaga claims that denial of this motion constitutes denial of his right to access to the courts. Alaga already possesses a set of transcripts on which he could bring a section 2255 petition and subsequently request discovery. Thus, he is not being denied access to the courts under Bounds v. Smith, 430 U.S. 817 (1977). Alaga is not requesting a trial transcript that would be otherwise available for a fee, making his reference to Britt v. North Carolina, 404 U.S. 226 (1971), inapposite. Finally, Alaga does not request materials comprehended by 28 U.S.C. § 753, and therefore United States v. MacCollum, 426 U.S. 317 (1976), does not apply.
 
 
 19
 The denial of Alaga's motion was not an abuse of discretion. See United States v. Sliker, 751 F.2d 477, 491 (2d Cir.1984) (denial of motion for trial transcript reviewed for abuse of discretion), cert. denied, 470 U.S. 1058, 471 U.S. 1137 (1985). The district court initially contacted the trial attorney to find out whether he had provided the requested materials, and ascertained that Alaga's files had been forwarded to Alaga's new counsel. Alaga's new counsel in turn advised the district court that he had forwarded the materials he had to Alaga, along with an explanation of how Alaga could obtain documents he did not possess.
 
 
 20
 Alaga acknowledged receipt of the tape transcripts, although he claims that the transcript he received differed from the original in some unparticularized ways. In short, Alaga has presented no facts that would suggest the district court abused its discretion. We affirm the order of the district court.